UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE VUKOVICH, | ) | CASE NO. 5:09 CV 1601 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF OHIO, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 14, 2009, *pro se* plaintiff George Vukovich filed this Declaratory Judgment action under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242 against the State of Ohio. In the complaint, plaintiff asserts he is being denied due process in traffic court. He seeks declaratory, injunctive, and monetary relief.

**Background**

Mr. Vukovich received two traffic citations in the spring of 2009. He was cited for driving on a suspended license on May 23, 2009. Ten days later, he was again cited for driving on a suspended license. He was also cited for failing to display a front license plate and not wearing a seat belt. He entered a plea of not guilty to each of these citations.

Mr. Vukovich contends he requested consolidation of his two court cases and was denied relief. He states his motion to join the cases presented at his June 18, 2009 arraignment did not receive a favorable ruling. At a June 25, 2009 pretrial, Mr. Vukovich again requested consolidation of the cases. He indicated to the prosecutor that he intended to produce the same witnesses and use the same defense in each case, and informed the

prosecutor that he would seek consolidation of the cases. Contrary to Mr. Vukovich's expectations for a pretrial, he was not given an opportunity to address the judge. Instead, the bailiff conducted the conference and merely set a trial date. Mr. Vukovich claims he was denied due process.

Mr. Vukovich seeks declaratory, injunctive and monetary relief. He seeks a declaration that Ohio's Motorcycle helmet law is unconstitutional, that the United States Constitution guarantees due process and equal protection, that the court's refusal to allow him to consolidate his cases violated 18 U.S.C. §§ 241 and 242, that individuals cannot address legal matters if the court officials are corrupt, and "that there is no remedy under any set of circumstances in any Ohio Court that will willfully, blatantly, deny civil rights under the color of law to impede or detour any party from pursuing there [sic] rights protected by the U.S. Constitution." (Compl. at 15). He also asks this court to enjoin the State Court criminal proceedings against him and hear the case anew in federal court. Finally, Mr. Vukovich seeks unspecified damages.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

Federal courts are always "under an independent obligation to examine their

own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Mr.Vukovich indicates that this action is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure. These statutes, however, do not create an independent basis for federal subject matter jurisdiction. *Heydon v. Mediaone of Southeast Michigan*, 327 F.3d 466, 470 (6th Cir. 2003)(citing *Skelly Oil Co. v. Phillips Petroleum*, 339 U.S. 667, 671-72 (1950)). They merely provide the court with discretion to provide a certain type of relief if the plaintiff is entitled to judgment under some other federal statute. *Id.* Therefore, prior to requesting declaratory judgment, Mr. Vukovich must supply a well-pleaded complaint which otherwise states a federal question. He has not done so.

As an initial matter, Mr. Vukovich's references to 18 U.S.C. §§ 241, and 242 are meritless. These are criminal statutes. They provide no private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

In addition, Mr. Vukovich asks this court to make several declarations, including one that has nothing to do with the facts of this case, specifically that the Ohio motorcycle helmet law is unconstitutional. Mr. Vukovich lacks standing to assert this claim. In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of*

3

*Wildlife*, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751 (1984). To satisfy Article III standing limitations, the plaintiff must show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. *See Lujan*, 504 U.S., at 560- 561. The prudential standing doctrine encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Allen*, 468 U.S., at 751. "Without such limitations[, . . .] the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." *Warth*, 422 U.S. at 500. In this instance, Mr. Vukovich was charged with driving under a suspended license, failing to display a front license plate, and not wearing a seat belt. None of these charges is relevant to Ohio's motorcycle helmet law. Mr. Vukovich he has not suffered an injury in fact and therefore lacks standing to assert this claim.

The other declarations the plaintiff wishes the court to make are stated as general or conclusory statements of law. He asks the court to declare that the Constitution guarantees due process and equal protection. This statement, while true, does not advance the plaintiff's case. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437

(6th Cir. 1988). Mr. Vukovich does not allege facts to connect this statement to a cause of action. He also asks this court to declare that individuals cannot properly address legal matters if the court officials are corrupt. That statement, however, is merely a legal conclusion which is not supported by factual allegations. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

To the extent that Mr. Vukovich seeks this court's intervention into the on-going state court proceedings, his requests for relief cannot be granted. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly

interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Mr. Vukovich has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. Consequently, this court is required to abstain from intervening in the state court proceedings.

Generally, the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Myers v. Franklin County Court of Common Pleas*, No. 99-4411, 2001 WL 1298942 (6th Cir. Aug. 7, 2001). As Mr. Vukovich, however, has failed to state a viable claim for damages against any of the defendants, this case must be dismissed. *See Wheat v. Jessamine Journal Newspaper*, No. 95-6426, 1996 WL 476435 (6th Cir. Aug. 20, 1996)(stating that was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a viable claim for relief).

Mr. Vukovich seeks monetary damages against the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

## Conclusion

For all the foregoing reasons, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith.[1]

**IT IS SO ORDERED**.

Dated: August 10, 2009

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.